UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-343-MR
(1:06-cr-268-MR-2)

RANDALL DEQUAN MCDANIEL, )
)
          Petitioner, )
)
vs. )    ORDER
)
UNITED STATES OF AMERICA, )
)
          Respondent. )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 or, alternatively, under 28 U.S.C. § 2241, or on a Motion for a Writ of Coram Nobis or a Writ of Audita Querela, [Doc. 3], and on the Government's Response to the Motion to Vacate, [Doc. 4]. Petitioner is represented by Leah A. Kane of the Federal Defenders of Western North Carolina. On March 5, 2007, Petitioner was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). The Court sentenced Petitioner to 120 months imprisonment.

In the petition, Petitioner alleges that he is entitled to relief in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the state court felony used to obtain the

Section 922(g)(1) conviction did not carry a sentence of more than one year.  Petitioner contends that the Court should therefore vacate his conviction and dismiss the indictment.  In its Response, filed on January 9, 2013, Respondent asserts that it agrees that Petitioner is actually innocent of the Section 922(g) conviction he now challenges, Respondent waives the statute of limitations, and Respondent asserts that it agrees that the Court should vacate Petitioner's conviction.

The Court finds that Respondent shall submit further briefing on the issue of actual innocence and the effect of United States v. Powell, 691 F.3d 554 (4th Cir. 2012), on Petitioner's right to relief under Simmons.  In particular, the Government should explain how waiver of the one-year statute of limitations for Section 2255 actions authorizes this Court to reach the merits of Petitioner's Section 2255 motion, in light of Powell and subsequently filed, unpublished cases by the Fourth Circuit.  See Powell, 691 F.3d at 560-61 ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.") (emphasis added); see also United States v. Wheeler,

No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) ("We note that Wheeler's claim for retroactive application of the Supreme Court's opinion in Carachuri–Rosendo v. Holder, ––– U.S. ––––, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241–45 (4th Cir.2011) (en banc), fails in light of our recent opinion in United States v. Powell, 691 F.3d 554 (4th Cir.2012)."); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). Respondent shall also explain how Petitioner and other similarly situated petitioners can now claim actual innocence, where, at the time of their convictions, United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), was controlling law in the Fourth Circuit. Particularly, Respondent shall specifically address the issue of whether Petitioner is "factually innocent" and/or "legally innocent" and state the basis in the record for the Respondent's contentions, and whether such forms the basis for the relief sought by the Petitioner. The Petitioner will thereafter be afforded an opportunity to respond.

**IT IS, THEREFORE, ORDERED** that, within thirty (30) days, the United States Attorney shall submit a memorandum to this Court in accordance with this Order. The Federal Defenders Office, on Petitioner's

behalf, shall then have twenty (20) days in which to file a memorandum in response to Respondent's memorandum.

Signed: January 14, 2013

Martin Reidinger
United States District Judge