# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:12-cv-00343-MR
### (CRIMINAL CASE NO. 1:06-cr-00268-MR-2)

| | |
|---|---|
| RANDALL DEQUAN MCDANIEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 or, alternatively, under 28 U.S.C. § 2241, or on a Motion for a Writ of Coram Nobis or a Writ of Audita Querela [Doc. 3], and The Government's Response to the Motion to Vacate [Doc. 4]. Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina.

## I.    FACTUAL BACKGROUND

On March 5, 2007, Petitioner pleaded guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  [Criminal Case No. 1:06-cr-00268-MR-2, Doc. 22: Plea Agreement; Doc. 26: Amended Plea Agreement].  That was the sole count

in the indictment pertaining to the Petitioner. [Id., Doc. 1: Indictment, Doc. 36: Judgment]. Prior to sentencing, the probation officer completed a Presentence Report ("PSR"), in which the probation officer summarized Petitioner's criminal history, including his numerous prior felony convictions.[1] Of the felony convictions reported by the probation officer, none of the offenses was punishable by a term of incarceration exceeding one year.[2] [Doc. 2-1 at 9-16: PSR]. On October 3, 2007, this Court sentenced Petitioner to 120 months' imprisonment and two years of supervised release. [Criminal Case No. 1:06-cr-00268-MR-2, Doc. 36: Judgment]. The Court entered judgment on October 15, 2007.[3] [Id.].

Petitioner did not appeal, but on October 30, 2012, he filed the instant petition. In the petition, Petitioner alleges that he is entitled to relief in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649

---

[1] The PSR is not filed in the docket in Petitioner's criminal case, and neither the Petitioner nor the Respondent has placed the PSR before the Court in this matter. The Court, however, has retrieved the PSR from the files of the United States Probation Office and takes judicial notice of its contents. The Petitioner would have been better served, however, if the parties had presented the Court with the documents supporting their contentions.

[2] Petitioner does, however, attach to his Petition his state court judgments reflecting that none of the felony conviction set out in the PSR qualify as Simmons felonies. This, interestingly, leaves Petitioner in the very unusual position of having a Criminal History Category of VI, the highest Criminal History Category, even though he has no qualifying felony convictions.

[3] The Judgment was entered by United States District Judge Lacy H. Thornburg. Upon Judge Thornburg's retirement, this proceeding was assigned to the undersigned.

F.3d 237 (4th Cir. 2011), because the state court felonies used to obtain the Section 922(g)(1) conviction were not punishable by a sentence of more than one year.[4] Petitioner contends that the Court should therefore vacate his conviction and dismiss the indictment. In its Response, filed on January 9, 2013, the Government agrees that Petitioner is actually innocent of the Section 922(g) conviction he now challenges, the Government waives the statute of limitations, and the Government asserts that it agrees that the Court should vacate Petitioner's conviction.[5]

On August 21, 2013, the United States Court of Appeals for the Fourth Circuit issued its decision in Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. Aug. 21, 2013), in which it adopted the position espoused herein by the Petitioner that Simmons is retroactive in cases of actual innocence that are on collateral review. This matter was in abeyance pending that ruling.

---

[4] In Simmons, the Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which had held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

[5] Although the Government does not state as such in its Response, the Government has obviously also foregone or forgiven the Petitioner's waiver in his plea agreement to any right to collaterally challenge his conviction.

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Here, is undisputed that the petition is untimely, as it was filed five years after Petitioner's conviction became final.  A Section 2255 claim not brought within one year of the date on which a conviction has become final under Section 2255(f) is procedurally barred.  A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence."  Bousley v. United States, 523 U.S. 614, 622 (1998).

In its Response, the Government concedes that Petitioner is actually innocent of the felon-in-possession conviction, and the Government has expressly waived the one-year limitation period.  The Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006), that where

the government intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice. Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under Section 2255, the logic of Day would direct that this Court is not at liberty to disregard that waiver. Because Respondent has expressly waived the one-year limitations period, Petitioner's entitlement to relief is dependent on whether he has shown himself to be actually innocent in light of Miller and Simmons. If he is actually innocent the Motion may be addressed and relief may be granted; if he is not actually innocent then his Motion is time barred under Bousley.

Since none of Petitioner's prior convictions were punishable by incarceration for a term in excess of one year, Petitioner was not a felon for the purposes of §922(g). This being a necessary element of that crime, Petitioner is actually innocent. Therefore the Court will grant the Motion to Vacate.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS THEREFORE ORDERED** that:

(1)     Petitioner's Motion to Vacate [Doc. 1] is **GRANTED** and Petitioner's conviction is hereby **VACATED**;

(2)     Inasmuch as Petitioner's conviction has been vacated, his sentence is also **VACATED**, and he is **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service and/or any conditions of supervised release/bond imposed in this matter;

(3)     To allow the Bureau of Prisons, United States Marshal and Pretrial Services adequate time, such are allowed up to ten days to comply with this order.

(4)     The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**          Signed: September 13, 2013

Martin Reidinger
United States District Judge